# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JERALD BOWMAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CR415-087 |
| ) | CV418-044 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Guilty plea-convicted for armed bank robbery and brandishing a firearm during a crime of violence, Jerald Bowman was sentenced to 155 months' imprisonment.  Docs. 43 (plea agreement) & 51 (judgment).[1]  His plea agreement provided that he faced a sentence of up 25 years (the statutory maximum), and he swore the "no one has promised [him] that the Court will impose any particular sentence or sentence within any particular range."  Doc. 51 at 2-3.  He further affirmed his understanding that the Court would consider "all of [his] relevant conduct" under the advisory Sentencing Guidelines, "not just

---

[1]  The Court is citing to the criminal docket in CR415-087 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

the facts underlying the particular Count to which [he] is pleading guilty." *Id.* at 3. Finally, Bowman swore that he "had the benefit of legal counsel" who he "believe[d] . . . has represented him faithfully, skillfully, and diligently" and that "he is completely satisfied with the legal advice given and the work performed by his attorney." *Id.* at 7. After sentencing, movant elected *not* to appeal his conviction. Doc. 49 (Notice of Post-Conviction Consultation).[2]

Bowman now contradicts these sworn affirmations, seeking to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. 54. He alleges counsel was ineffective for (1) failing to inform the Court of his serious medical condition, which ought to have been considered by the Court in its 18 U.S.C. § 1553 sentencing analysis; and (2) for failing to inform him that he had a right to appeal his conviction.[3] Doc. 54 at 4 ("If

---

[2] The Notice is a document this Court developed to memorialize counsel's consultation with his client and reflect the client's appeal decision at the time of sentencing. *Green v. United States*, 2017 WL 843168 at *1 (S.D. Ga. Mar. 3, 2017); *see also Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post-Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal).

[3] Bowman explains that had he known he could appeal, he would have pled ineffective assistance of counsel on appeal. Doc. 54 at 8. "The actual reality is," he contends, that he "would have had a better deal if he would have plead (*sic*) guilty to many of the dismissed counts in exchange for the government dropping the [brandishing a firearm during a crime of violence charge]. This prejudiced the

2

counsel would have alerted the court that I had been diagnosed with LUPUS then the court would have a completely different 18 U.S.C. Factors to consider"); *id.* at 8 ("Had counsel advised petitioner that he had a right to appeal and if counsel [had] ask[ed] petitioner if he wanted to appeal the court[']s decision petitioner would have exercised this right."). Preliminary § 2255 Rule 4 review shows that his motion must be **DENIED**.

Bowman's arguments are blatantly contradicted by the record. The sentencing judge was fully apprised of Bowman's lupus, "a debilitating disease that causes [him] to experience extreme fatigue, bruising, and constant pain," as well as PTSD associated with his military service. Doc. 45 (counsel's sentencing memorandum submitted for the district judge's pre-sentencing consideration, asking for leniency at sentencing) at 1-2. And while a failure to consult with a defendant regarding an appeal (or otherwise abide his wish to appeal) can constitute ineffective assistance of counsel, *see Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000), movant expressly told his lawyer, in writing,

---

outcome of [his] case because instead of receiving concurrent sentences, [he] received consecutive sentences due to counsel[']s deficient representation and horrible preparation." *Id*.

not to file an appeal after he was fully informed of his appellate rights. Doc. 49 ("Notice of Post-Conviction Consultation") at 2-3.[4]  His bare assertions to the contrary now cannot overcome what he swore to be true shortly after sentencing.  *See, e.g., Eason v. United States*, 2014 WL 4384652 at * 3 (S.D. Ga. Sept. 3, 2014).

Accordingly, Jerald Bowman's § 2255 motion should be **DENIED**.[5] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right.  Accordingly, no certificate of appealability should issue.  28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

---

[4]  Bowman, of course, ignores these inconvenient facts in declaring, under penalty of perjury, the contrary.  Doc. 56 at 1 ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. . . .").  He is reminded that lying under oath, either live or "on paper," is a criminally prosecutable offense.  *See, e.g., United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

[5]  Because his motion is entirely without merit and his contentions are unambiguously contradicted by the record, an evidentiary hearing is unwarranted. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   23rd   day of March, 2018.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA